rari. Because the State Supreme Court stated that the issue would remain open for further review when it acts on the direct appeal from petitioner's conviction, it is likely that the absence of a "final judgment" within the meaning of 28 U. S. C. § 1257 (1988 ed.) deprives this Court of jurisdiction to hear the case. At the very least, the expressed intention of the California Supreme Court to review the question further provides a prudential ground for declining to review at this time the juror misconduct issue presented in this petition.

No. 95–6734 (A–424). BARNES v. JABE, WARDEN. C. A. 4th Cir. Application for stay of execution of sentence of death, presented to THE CHIEF JUSTICE, and by him referred to the Court, denied. Certiorari denied.

No. 94–9330. PRUNTY v. FERGUSON ET AL., ante, p. 831;

No. 94–9409. WILLIAMS v. UNITED STATES POSTAL SERVICE ET AL., ante, p. 834;

No. 94–9424. GREEN v. ZIEGLER, ante, p. 835;

No. 94–9561. O'CONNELL v. UNITED STATES, ante, p. 842;

No. 94–9606. BROWN v. VARNER, ante, p. 845;

No. 94–9632. HEWLETT v. PENNSYLVANIA, ante, p. 847;

No. 94–9644. HOYETT v. 40TH JUDICIAL CIRCUIT COURT ET AL., ante, p. 847;

No. 94–9759. MEANS v. UNITED STATES, ante, p. 854;

No. 94–9794. WATERS v. THOMAS, WARDEN, ante, p. 856;

No. 94–9858. BAKER v. BUTTERWORTH, ATTORNEY GENERAL OF FLORIDA, ET AL., ante, p. 860;

No. 95–5142. NOVAK v. NOVAK, ante, p. 879;

No. 95–5360. BENNETT v. COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, ET AL., ante, p. 891;

No. 95–5422. WANLESS v. OKLAHOMA, ante, p. 894;

No. 95–5604. IN RE KENNON, ante, p. 805;

No. 95–5713. BOYER v. UNITED STATES, ante, p. 904;

No. 95–5824. IN RE WOOD, ante, p. 805; and

No. 95–5878. IN RE LORENZ, ante, p. 911. Petitions for rehearing denied.

No. 94–8642. CRAWFORD v. DISTRICT OF COLUMBIA ET AL., ante, p. 908. Petition for rehearing denied. JUSTICE GINSBURG took no part in the consideration or decision of this petition.